1  Lynette Gridiron Winston (#151003)
    lwinston@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP
3  199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
4  Tel: (626) 535-1900 | Fax: (626) 577-7764

5  Attorneys for Defendants
    WELLS FARGO BANK, N.A. and
6  THE BANK OF NEW YORK
    MELLON erroneously sued as "THE
7  BANK OF NEW YORK MELLON
    f/k/a The Bank of New York as
8  Trustee for the WORLD SAVINGS
    REMIC 23, MORTGAGE PASS-
9  THROUGH CERTIFICATES,
    SERIES 23 TRUST"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CALIMPUSAN and MARTIN CALIMPUSAN,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., NBS DEFAULT SERVICES, LLC, THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for the WORLD SAVINGS REMIC 23, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 23 TRUST and DOES 1-100 inclusive,<br><br>Defendants. | CASE NO.: 2:15-cv-08452<br><br>**NOTICE OF REMOVAL BY DEFENDANTS WELLS FARGO BANK, N.A. AND THE BANK OF NEW YORK MELLON PURSUANT TO 28 U.S.C. § 1332**<br><br>**[DIVERSITY JURISDICTION]** |

**TO PLAINTIFFS, THROUGH THEIR COUNSEL OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

   **PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A.

1  (successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia
2  Mortgage, FSB, f/k/a World Savings Bank, FSB) ("Wells Fargo") and defendant
3  THE BANK OF NEW YORK MELLON erroneously sued as "THE BANK OF
4  NEW YORK MELLON f/k/a The Bank of New York as Trustee for the WORLD
5  SAVINGS REMIC 23, MORTGAGE PASS-THROUGH CERTIFICATES,
6  SERIES 23 TRUST" ("BNYM") (collectively "Defendants"), hereby provides this
7  Notice of Removal pursuant to U.S.C. §§ 1441(b) & 1332, based on diversity of
8  citizenship. The action is hereby removed to this Court from the state court, as
9  more particularly set forth below.

### 1. THE STATE COURT ACTION

On September 21, 2015, plaintiffs Susan Calimpusan and Martin Calimpusan commenced an action entitled, *Susan Calimpusan et al. v. Wells Fargo Bank, N.A. et al.*, in the Superior Court of the State of California, County of Los Angeles, Case No. NC060291 (the "State Court Action"). Defendants Wells Fargo and BNYM did not appear in the State Court Action. A copy of the Complaint is attached hereto as Exhibit A. Defendant NBS Default Services, LLC ("NBS Default"), appeared in the State Court Action only to file its Declaration of Non-Monetary Status ("DNMS"), which was filed on October 9, 2015 (*See* Exhibit B). Attached collectively hereto as Exhibit B are all other documents in Wells Fargo's possession from the State Court Action.

### 2. COMPLETE DIVERSITY

**A. DIVERSITY OF CITIZENSHIP.**

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because plaintiffs' citizenship and that of Wells Fargo Bank, N.A., the only real-party-in-interest and non-fraudulently joined defendant in this action, are entirely diverse and the amount in controversy exceeds $75,000.00.

**i. Plaintiffs' Citizenship.**

Plaintiffs Susan Calimpusan and Martin Calimpusan are California citizens,

1  as they plead they are domiciled and reside at and own real property situated at
2  10504 Tremont Lane, Bellflower, California 90706 - *i.e.,* the subject property in
3  this action ("Property").  (Comp. ¶¶1, 41; see also Exhibit C – Deed of Trust, p. 14
4  ¶32).  Plaintiffs also confirm that they own and occupy the Property as their
5  primary residence as they claim a homeowner's exemption, which is only available
6  to owners who occupy their homes as their principal place of residence on January
7  1, and each year thereafter.  *See* 2015 Los Angeles County Assessor information
8  indicating a homeowner's exemption was taken, Exhibit D, attached hereto.

9  Plaintiffs' California domicile/citizenship is also demonstrated through the
10 personal bankruptcy filing that plaintiffs' initiated in this District in 2011 and
11 dismissed in October 2014.  On May 23, 2011, plaintiffs filed a Voluntary Chapter
12 7 Petition in the United States Bankruptcy Court, Central District of California,
13 Case No. 2:11-bk-32191-BB.  On page one of their petition, plaintiffs aver that
14 their address is the subject property address and that they reside in Los Angeles
15 County.  At "Information Regarding the Debtor-Venue" on page two of the
16 petition, plaintiffs also aver that "Debtor has been domiciled or has had a
17 residence, principal place of business, or principal assets in this District for 180
18 days immediately preceding the date of this petition or for a longer part of such
19 180 days than in any other District."  That domicile made this district the
20 appropriate venue for a personal bankruptcy.  28 U.S.C. § 1408.  A true and correct
21 copy of plaintiffs' petition is attached hereto as Exhibit E.

22 Upon information and belief, plaintiffs in this action reside in California
23 with the intention to remain indefinitely.  "A person's domicile is her permanent
24 home, where she resides with the intention to remain or to which she intends to
25 return."  *See e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal.
26 2001); *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence
27 and property ownership is a factor in domicile for diversity jurisdiction); *State*
28 *Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence

Anglin Flewelling Rasmussen Campbell & Trytten LLP

alone is not the equivalent of citizenship, but the place of residence is prima facie **the domicile**.").

### ii. Defendant Wells Fargo Bank, N.A.'s Citizenship.

Plaintiffs name Wells Fargo Bank, N.A. as a defendant in the action. Plaintiffs obtained their loan from World Savings Bank, FSB in 2006. (Comp. ¶7). Effective December 31, 2007, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB. (Exhibit F - Nov. 19, 2007 OTS Letter). Effective November 1, 2009, Wachovia Mortgage, FSB, was converted to Wells Fargo Bank Southwest, N.A., and merged into Wells Fargo Bank, N.A. (Exhibit G - Nov. 1, 2009 OCC Certification Letter).

Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where it is "located." In 2006, the United States Supreme Court, after a thorough examination of the historical versions of § 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006).

Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota. Attached hereto as Exhibit H are true and correct copies of the Articles of Association and the FDIC Profile for Wells Fargo Bank, National Association, as issued by the Office of the Comptroller of the Currency, Administrator of National Banks, reflecting that Wells Fargo (at Article II, § 1) has its main office in Sioux Falls, South Dakota. *See Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("under § 1348, a national banking association is a citizen only of the state in which its main office is located"); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. Sept. 2, 2011); *Mireles v. Wells Fargo Bank N.A.*, 845 F. Supp. 2d 1034, 1059-61 (C.D. Cal. 2012); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal.

2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for purposes of diversity."); *Quiroga v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 58129, at *2-*3 (N.D. Cal. Apr. 25, 2014) ("Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located.").

### iii. Fraudulently-Joined Defendant The Bank of New York's Citizenship.

For the same reasons stated above for Wells Fargo, the Bank of New York Mellon ("BNYM") is a citizen of the state in which its main office is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006). Attached as Exhibit I is a true and correct copy of the FDIC Profile and History for BNYM, which shows that the bank's "main office" is located in New York, New York. Accordingly, BNYM is a New York citizen.

However, even if BNYM was not a diverse party, "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The citizenship of a fraudulently joined defendant is ignored for purposes of diversity. *Morris v. Princess Cruises, Inc.*, 236 F. 3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is conclusive where it is demonstrated that "there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). When testing the applicability of federal diversity jurisdiction, however, the Court is not limited to the four corners of the pleadings. *West America Corp. v. Vaughan-Bassett Furniture Co., Inc.*, 765 F.2d 932, 936 (9th Cir. 1985); *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998) (to ascertain whether a joinder is fraudulent, this Court may "look beyond the pleadings").

Here, BNYM is a fraudulently-joined entity that is to be disregarded for diversity purposes. Plaintiffs have not and cannot plead any facts that show a

connection between BNYM and the alleged wrongful conduct in this action. Plaintiffs have not pled any facts showing that BNYM claims any interest in the subject loan or property.  Nor do they plead any facts showing that BNYM is in any way involved in the foreclosure of the subject property.  The foreclosure documents show that Wells Fargo Bank, N.A. is the foreclosing beneficiary under the Deed of Trust, and it acquired its interest in the loan and subject property as a result of the name change and merger described above.  (Exhs. F and G). Accordingly, plaintiffs have no basis to assert any claims against BNYM and it is a fraudulently joined defendant.

### iv. Defendant NBS Default Services, LLC's Citizenship.

"NBS Default Services, LLC ("NBS Default")[1] is a single-member limited liability company organized under the laws of the State of Texas and headquartered in Texas.  (*See* Exhibit J).  A Limited Liability Company ("LLC") is treated like a partnership for diversity purposes.  Thus, the Court looks solely at the citizenship of each member or partner of the LLC.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-196 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 1990).

NBS Default's sole member, NBSC Group Holdings, Inc., is a holding company incorporated in Texas with its principal place of business in Dallas, Texas.  All of NBSC Group Holdings' corporate officers are located in Dallas, Texas, where they direct, control and coordinate all of the corporation's business activities.  The foregoing facts were accurately averred in the Declaration of Lawrence J. Buckley, filed on February 13, 2012 in *Dan Rabadi v. World Savings Bank FSB, et al.*, a case in the Central District of California, Case No. 5:12-cv-00236-MWF-DTB ("Buckley Declaration").  Attached hereto as Exhibit J is a true and correct copy of the Buckley Declaration.  In light of the foregoing, NBS

---

[1] NBS Default is also known as "National Bankruptcy Services, LLC" in California. (*See* Exhibit J, ¶1).

1  Default is strictly a citizen of Texas.

2      Furthermore, it should be noted that NBS Default is simply a nominal party,
3  because it replaced Golden West Savings Association Service Company, which
4  was the original trustee as named in the Deed of Trust encumbering the property at
5  issue. Moreover, NBS Default appeared in the State Court Action by filing a
6  Declaration of Non-Monetary Status ("DNMS") on October 9, 2015 and plaintiffs
7  did not file any objection. (*See* Exhibit B - DNMS and Exhibit K - Court Docket).
8  NBS Default has no financial interest in the subject property and its involvement in
9  the non-judicial foreclosure is strictly within its ministerial role as the substituted
10 trustee under the deed of trust, which is protected under California law. *Cabriales*
11 *v. Aurora Loan Servs*., No. C 10-161, 2010 U.S. Dist. LEXIS 24726, *6-7 (N.D.
12 Cal. Mar. 2, 2010). "A defendant is a nominal party where his role is limited to
13 that of a stakeholder." *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986).

14     In addition, actions related to the foreclosure filings and trustee's sale are
15 privileged, preventing a claim for damages against the trustee. *See* Cal. Civ. Code
16 § 2924(d) (incorporating Cal. Civ. Code § 47(c)). This privilege bars any tort
17 claim arising out of the statutorily-required mailing, publication, and delivery of
18 notices in non-judicial foreclosure, and the performance of statutory non-judicial
19 procedures, absent a showing of malice. *Kachlon v. Markowitz*, 168 Cal. App. 4th
20 316, 339 (2008). Accordingly, NBS Default is a nominal party and should not be
21 considered for purposes of diversity.

22     **v.**    **Summary of Diversity of Citizenship.**

23     In light of the foregoing, complete diversity of citizenship exists under 28
24 U.S.C. § 1332(a), for plaintiffs are California citizens, Wells Fargo is a citizen of
25 South Dakota, BNYM is a citizen of New York and NBS Default is a citizen of
26 Texas. Moreover, defendants BNYM and NBS Default are to be disregarded as
27 fraudulently joined and/or nominal parties.
28 / / /

## B. AMOUNT IN CONTROVERSY.

Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Schwarzer, Tashima & Wagstaffe*, *Fed. Civ. Proc. Before Trial* (2009), ¶2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction). "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' 'If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.'" *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-*13 (N.D. Cal. June 29, 2010). *See* also *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (per curiam) (in an action seeking injunctive relief, the "amount in controversy is measured by the value of the object of the litigation" (citation and internal quotation marks omitted)); *O'Connor v. Bank United,* 594 Fed. Appx. 329 (9th Cir. 2015).

Moreover, where a Complaint seeks to invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount. *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028-1029 (N.D. Cal. 2010). In *Nguyen*, plaintiff sought to quiet title by cancelling the deed of trust and note on the property and sought rescission of the $712,000.00 loan. The court held the loan amount, among other things, satisfied the amount in controversy requirement. *Id*. Similarly, in *Taguinod v. World Savs. Bank*, 755 F. Supp. 2d 1064 (C.D. Cal. 2010), the court held the amount in controversy requirement was established because the complaint sought rescission of a loan, the amount of which was shown by the attachment of the promissory note to the removal notice. *Id. at* 1068-1069.

On or about March 3, 2006, plaintiffs Susan Calimpusan and Martin Calimpusan (wife and husband) obtained a $700,000.00 adjustable rate pick-a-

1  payment loan from World Savings Bank, FSB ("World Savings") secured by the
2  property located at 10504 Tremont Lane, Bellflower, California 90706 (the
3  "Property").  *See* Exhibit C.
4  　　　　Plaintiffs defaulted on the loan in 2011, and Wells Fargo commenced
5  foreclosure proceedings in 2015.  Plaintiffs allege that Wells Fargo and BNYM
6  have no beneficial interest in the loan and are not entitled to collect the loan
7  payments based on conclusory allegations that the loan was sold to BNYM as
8  trustee of the securitized trust and therefore not included in the assets acquired by
9  Wells Fargo as a result of the merger and that BNYM never received an effective
10 assignment of the loan and therefore is not a valid beneficiary. (Comp. ¶¶7-23, 27).
11 　　　　Plaintiffs also allege that all loans in the Trust have been paid off by a pool
12 insurance company or through credit enhancements or cross-collateralization and
13 therefore none of the loans, including plaintiffs' loan, are in default. (Comp. ¶19).
14 Plaintiffs allege that Bank of New York Mellon is not a real party in interest or
15 person entitled to enforce the loan or collect the loan payments.  *Id*.  According to
16 plaintiffs, the Note and Deed of Trust have been split rendering the Deed of Trust
17 unenforceable and therefore none of the defendants have a beneficial interest in the
18 loan or the right to enforce the loan or collect the loan payments.  (Comp. ¶20).
19 Plaintiffs allege that on July 21, 2015, NBS Default Services, LLC executed a
20 Notice of Default that included a declaration of compliance executed by Wells
21 Fargo.  (Comp. ¶21).  The Notice of Default was recorded by NBS Default on July
22 24, 2015, showing arrears of $126,504.25 owing as of July 21, 2015.  *Id*. and Exh.
23 D to Comp.  *See also* Debt Validation Notice – Exh. E to Comp.)  Plaintiffs allege
24 that prior to recording the Notice of Default, defendants did not provide them with
25 notice of their right to receive the documents specified in Civil Code Section
26 2923.55(b)(1).  (Comp. ¶22).
27 　　　　Plaintiffs seek to quiet title to the property in their favor free and clear of any
28 encumbrances in favor of defendants.  (Comp. ¶45).  Plaintiffs also seek a

declaration that defendants have no right, estate, title, lien or interest in the subject property. (Comp. ¶¶39, 45, Prayer ¶¶2, 3, 4). Plaintiffs also request "an order forever enjoining the defendants, and each of them, their agents, representatives, successors and assigns, from initiating and pursuing foreclosure activity against the Plaintiffs relating to the Subject Property," (Prayer, ¶1). Finally, plaintiffs seek consequential and special damages, punitive damages, (Prayer ¶¶9, 10) and reasonable attorneys' fees and costs.

Should plaintiffs prevail in this action, they would void the loan, retain title to the Property without any encumbrances, and permanently enjoin Wells Fargo from taking any action under its secured interest in the Property – placing the entire $700,000.00 loan at risk, and certainly, at a minimum, the $126,504.25 owing as of July 21, 2015. Consequently, as in *Reyes, Chapman, Nguyen and Taguinod,* the loan amount and arrears, which plaintiffs seek to extinguish, and the value of the Property clearly exceed the $75,000.00 amount in controversy threshold.

### 3. TIMELINESS

This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because BNYM and Wells Fargo received service of process of the State Court Action on September 29 and 30, 2015, respectively, via personal service. Defendants BNYM and Wells Fargo have not appeared in the State Court Action. *Destfino v. Reiswig, et al.,* 630 F.3d 952, 956 (9th Cir. Cal. 2011) ("we hold that each defendant is entitled to thirty days to exercise his removal rights after being served").

### 4. JOINDER

Since NBS Default is a fraudulently joined, nominal party in this action, it is not required to consent to this removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (general requirement of consent does not apply to "nominal, unknown or fraudulently joined parties"). NBS Default appeared in the State Court Action on October 9, 2015, only to file a Declaration of Non-Monetary

1  Status. (*See* Exhibit B).  Notwithstanding, NBS Default consents to the removal of
2  this action and has executed a Consent to Removal of Action, which is being filed
3  concurrently herewith.  As no doe defendants have been identified or served at this
4  time, no joinder of unserved defendants is required to perfect removal of the State
5  Court Action. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429
6  (9th Cir. 1984) (superseded in part by statute on other grounds).

### 5.   INTRADISTRICT ASSIGNMENT

This case is being removed to the Central District, Western Division of this Court because the existing State Court Action is pending in Los Angeles County.

### 6.   OTHER PERTINENT INFORMATION

A.   Pursuant to 28 U.S.C. § 1446(a), defendant Wells Fargo files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

B.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice and its attachments will promptly be served on plaintiffs' counsel in the State Court Action, and notice thereof will be filed with the clerk of the Los Angeles County Superior Court.

WHEREFORE, defendants Wells Fargo and BNYM hereby remove Los Angeles County Superior Court Case No. NC060291 to the United States District Court for the Central District of California, Western Division.

Respectfully submitted,

Dated: October 29, 2015

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By:   */s/ Lynette Gridiron Winston*
Lynette Gridiron Winston
lwinston@afrct.com
Attorneys for Defendants
WELLS FARGO BANK, N.A. and THE BANK OF NEW YORK MELLON

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On October 29, 2015, I served a copy of the foregoing document entitled:

**NOTICE OF REMOVAL BY DEFENDANTS WELLS FARGO BANK, N.A. AND THE BANK OF NEW YORK MELLON PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]**

on the interested parties in said case as follows:

**Served By Means Other Than Electronically Via The Court's CM/ECF System:**

| *Counsel for Plaintiffs:* | *Counsel for Defendant NBS Default Services, LLC:* |
|---|---|
| Charles T. Marshall, Esq.<br>LAW OFFICES OF<br>CHARLES T. MARSHALL<br>415 Laurel Street, #405<br>San Diego, CA 92101<br><br>Tel: (619) 807-2628<br>Fax: (866) 575-7413 | Stephen T. Hicklin, Esq.<br>BUCKLEY MADOLE, P.C.<br>301 E. Ocean Drive, Suite 1720<br>Long Beach, CA 90802<br><br>Tel: (562) 983-5363<br>Fax: (562) 983-5363 |

[X]   **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on October 29, 2015.

|  |  |
|---|---|
| _____Jill Ashley_____<br>(Type or Print Name) | _____/s/ Jill Ashley_____<br>(Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/FR1747/01259502-1

CERTIFICATE OF SERVICE