UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 15-08452-AB (KLSx) | Date: | December 28, 2015 |
|---|---|---|---|

| Title: | Susan Calimpusan; Martin Calimpusan v. Wells Fargo Bank, N.A. et al. |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR. |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order Denying Plaintiff's Motion to Remand (Dkt. No. 11)

On September 21, 2015, Plaintiffs Susan Calimpusan and Martin Calimpusan (collectively "Plaintiffs) commenced an action in the Superior Court. (Dkt. No. 1, Ex. A ("Compl.").) On October 29, 2015, Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), NBS Default Services LLC's ("NBS Default"), and The Bank Of New York Mellon ("BNYM") (collectively "Defendants") removed this action on diversity jurisdiction grounds under 28 U.S.C. § 1332. (Dkt. No. 1, Notice of Removal ("NOR").)

Before this Court is Plaintiffs's Motion to Remand on the grounds that this Court lacks subject matter jurisdiction because Defendants have failed to establish complete diversity among the parties. (Dkt. No. 11.) Defendants filed an Opposition. (Dkt. No. 20, Opposition ("Opp.").) Plaintiffs filed a Reply. (Dkt. No. 28 ("Reply").) Having considered the materials submitted by the parties, and for the reasons indicated below, the Court hereby **DENIES** Plaintiffs's Motion to Remand.

The Court finds the Motion appropriate for determination without oral argument and hereby **VACATES** the hearing date of January 4, 2016. *See* Fed. R. Civ. P. 78; Local Rule 7-15.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This action concern Plaintiffs's mortgage loan secured under their residential property located at 10504 Tremont Lane, Bellflower, Los Angeles County, California 90706.  (Compl., ¶ 1.)   Plaintiffs's Complaint asserts claims under California state law for declaratory relief, quiet title, negligence, for violation of California Civil Code Sections 2923.55(a) and (b)(1), and for violation of the California Business & Professions Code Section 17200 *et seq.*   (*See* Compl.)

On October 9, 2015, while this action was pending in Superior Court, NBS Default Services, LLC, the foreclosing trustee, filed a Declaration of Non-monetary Status ("DNMS") as a "nominal" party pursuant to California Civil Code section 2924*l* on October 9, 2015.  (NOR, p. 2, Ex. B.)   Shortly thereafter, Defendants removed the action removed the action to federal court on the basis of diversity jurisdiction.  (*See* NOR.)[1]

In their notice of removal, Wells Fargo maintains that complete diversity jurisdiction exists here because the amount in controversy exceeds $75,000.00, and Plaintiffs are California citizens, Wells Fargo is a South Dakota citizen, BNYM is a citizen of New York, and NBS Default is a citizen of Delaware and Texas.   (NOR, pp. 2-10.)   As an alternative basis to citizenship of BNYM and NBS Default, the Notice of Removal also recognizes that BNYM and NBS Default are fraudulently joined parties that should be disregarded for the purpose of diversity.   (*Id.* at pp. 5-7.)   Particularly, Wells Fargo argues that BNYM is fraudulently joined because "Plaintiffs have not and cannot plead any facts that show a connection between BNYM and the alleged wrongful conduct in this action."   (*Id.* at pp. 5-6.)   As it pertains to NBS Default, Wells Fargo notes that this Defendant "is a nominal party and should not be considered for purposes of diversity.   (*Id.* at p. 7.)

In response to the Notice of Removal, Plaintiff filed the instant motion challenging Defendants' removal grounds.   (*See* Mot.)   The Court addresses Plaintiffs's and Wells Fargo's subject matter jurisdiction contentions below.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

---

[1] Following their removal, Defendants have since moved to dismiss this action under Federal Rule of Civil Procedure ("Rule") 12(b)(6).   (Dkt. No. 7.)

costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id.*

### A. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd.*, 710 F.2d 549 (9th Cir. 1983). The relevant inquiry is whether plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law. *Morris*, 236 F.3d at 1067; *McCabe*, 811 F.2d at 1339.

The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand.").

### III. DISCUSSION

Plaintiffs argue that the action must be remanded because there is not complete diversity of citizenship between the parties. (Mot., pp. 6-7.) Defendants contend that that this Court has diversity jurisdiction because Plaintiffs are citizens of California, Wells Fargo is a citizen of South Dakota, BNYM is a citizen of New York, and NBS Default is a citizen of Delaware and Texas.

To establish diversity jurisdiction, and thus defeat Plaintiffs's Motion to Remand, Defendants must show that there is complete diversity of citizenship between Plaintiffs and Defendants, and that the amount in controversy equals or exceeds $75,000. *Cf. Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (for purposes of establishing diversity jurisdiction, a "natural person's state citizenship is ... determined by her state of domicile, . . . where she resides with the intention to remain or to which she intends to return."). Therefore, diversity of citizenship will not exist if any of the Defendants is also a citizen of California.

Of the three Defendants, two, Wells Fargo and BNYM, are national banks. (NOR, pp. 4-6.) "[T]he citizenship of nationally chartered banks is governed by 28 U.S.C. § 1348, which provides in pertinent part: 'All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.'" *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (quoting 28 U.S.C. § 1348). According to the Ninth Circuit, pursuant to Section 1348, a national bank is therefore "only a citizen of the state designated in its articles of association as its main office." *Id.* at 711; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Wells Fargo states it is a citizen of South Dakota because its main office is located in South Dakota, and BNYM is a citizen of New York because its main office is located in New York. (NOR, pp. 4-6.) Plaintiffs do not challenge these statements. (*See generally* Mot.) Accordingly, there is complete diversity of citizenship between Plaintiffs on the one hand (as citizens of California), and Wells Fargo and BONYM on the other (as citizens of South Dakota and New York).

This leaves NBS Default, the remaining Defendant. NBS Default is a limited liability company ("LLC"). (NOR, pp. 6-7; Opp., pp. 2-4; Dkt. No. 20, Ex. A, Declarations of James B. Cloud, Luke Madole, Lawrence J. Buckley.) A corporation is a citizen of any state where it is incorporated or has its principal place of business, *Hertz Corp. v. Friend*, 130 U.S. 1181, 1884 (2010), and, an LLC is a citizen of every state in which its owners or members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). In its Opposition, Wells Fargo included three declarations from officers of NBSC Group Holdings, Inc. ("NBSC") which each declare that NBSC is the sole member of NBS Default. (Dkt. No. 20, Ex. A, Cloud Decl., ¶ 1, Madole Decl. ¶ 1, Buckley Decl. ¶ 1.) In identifying itself as the sole member of NBS Default, each officer also declares their respective states of citizenship, *i.e.*, Texas. (Dkt. No. 20, Ex. A, Cloud Decl., ¶ 2,

Madole Decl. ¶ 2, Buckley Decl. ¶ 2.) Neither NBS Default nor NBSC is a citizen of California. Plaintiff points out that these declarations were not attached to Wells Fargo's Notice of Removal nor were they attached to NBS Default's Consent to Removal. (NOR; Dkt. No. 4.) Plaintiff also contends that a certificate of formation from Texas is also not attached to the Notice of Removal. (Mot., p. 7.) While Plaintiff is correct that these documents were not attached to Wells Fargo's Notice of Removal, Wells Fargo's error still does not change the overall analysis as to NBS Default citizenship. Plaintiff does not contend that NBS Default is a citizen of California. (*See generally* Mot.) Rather, Plaintiff simply requests that Defendants provide more evidence, to which Wells Fargo has. Indeed, attached to the Opposition is not only the officer declarations but also entity details from Delaware's and California's Secretary of State websites that recognize NBS Default as being registered in Delaware and Texas. (Dkt. No. 20, Exs. B, C.) Without evidence that contravenes NBS Default's citizenship evinced in Wells Fargo's Notice of Removal, the Court concludes that NBS Default is a citizen of Delaware and Texas. Complete diversity of citizenship therefore exists between Plaintiffs (citizens of California) and NBS Default (citizen of Delaware and Texas).

Rather than challenge Defendants' respective states of citizenship, Plaintiffs attack Wells Fargo's alternative basis—disregarding BNYM and NBS Default as fraudulently joined defendants—for establishing diversity. (Mot., pp. 7-11.) For example, Plaintiffs focus heavily on Wells Fargo's categorization of NBS Default as a "nominal party." (NOR, p. 6.) Plaintiffs argue that they opposed affording NBS Default nominal status in state court and therefore nominal status should not be granted here in federal court. (Mot., pp. 7-8.) It is correct that the citizenship of "nominal defendants" may be disregarded for purposes of determining diversity under section 1441. As one court explained, in assessing diversity, "[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004). A nominal party is one "who has no interest in the action" and is merely joined to "perform a ministerial act." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). "The paradigmatic nominal defendant is a trustee, agent, or depository who is joined merely as a means of facilitating collection." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotations omitted). However, Plaintiffs's argument misses the point. Even if the Court were to ignore Wells Fargo's alternative basis for diversity, complete diversity would still exist because Plaintiffs are citizens of California, Wells Fargo is a citizen of South Dakota, BNYM is a citizen of New York, and NBS Default is a citizen of Delaware and Texas. Even if the Court were to agree with Plaintiffs's arguments regarding non-monetary status, nominal, and fraudulently joined parties, the ultimate determination that complete diversity of citizenship exists between Plaintiffs and Defendants would not change.

Having established that complete diversity of citizenship exists, Defendants need only show that the amount in controversy exceeds $75,000.  In the Notice of Removal, it states that "[s]hould plaintiffs prevail in this action, they would void the loan, retain title to the Property without any encumbrances, and permanently enjoin Wells Fargo from taking any action under its secured interest in the Property – placing the entire $700,000.00 loan at risk, and certainly, at a minimum, the $126,504.25 owing as of July 21, 2015."   (NOR, p. 10.)   Nowhere in their Motion to Remand or Reply do Plaintiffs dispute Defendants' contention that this amount in controversy exceeds $75,000.00.  (*See generally* Mot., Reply.)   The Court therefore concludes that the amount in controversy requirement is also met and that diversity jurisdiction exists.

Thus, Plaintiffs's Motion to Remand is **DENIED.**

## IV.   CONCLUSION

Accordingly, this Motion to Remand is **DENIED**.   (Dkt. No. 11.)   Plaintiffs's request for attorneys' fees and costs, (Mot., p. 11), is also **DENIED**.

**IT IS SO ORDERED.**